UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

NKIDEJA AGBA, as Mother and Next Friend )
of JOSIAH COLE, a minor, )
                    Plaintiff, )
                                )    No. 15 C 7082
                v.           )
                                )    Judge Lefkow
UNITED STATES OF AMERICA, )
                                )
                Defendant. )

## STIPULATION FOR COMPROMISE SETTLEMENT AND RELEASE OF FEDERAL TORT CLAIMS ACT CLAIMS PURSUANT TO 28 U.S.C. § 2677

It is hereby stipulated by and between the undersigned plaintiff and the United States of America, by and through their respective attorneys, as follows:

1.     The parties do hereby agree to settle and compromise each and every claim of any kind, whether known or unknown, arising directly or indirectly from the acts or omissions that gave rise to the above-captioned action under the terms and conditions set forth in this Settlement Agreement.

2.     The United States of America agrees to pay to Brant Hickey & Associates, for the benefit of plaintiff, a total Settlement Amount of $75,000.00, which sum shall be in full settlement and satisfaction of any and all claims, demands, rights, and causes of action of whatsoever kind and nature, arising from, and by reason of any and all known and unknown, foreseen and unforeseen bodily and personal injuries, damage to property and the consequences thereof, resulting, and to result, from the subject matter of this settlement, including any claims for wrongful death, for which plaintiff or plaintiff's guardians, heirs, executors, administrators, or

assigns, and each of them, now have or may hereafter acquire against the United States of America, its agents, servants, and employees.

3.     Plaintiff and plaintiff's guardians, heirs, executors, administrators, and assigns hereby agree to accept payment of the Settlement Amount in full settlement, satisfaction, and release of any and all claims, demands, rights, and causes of action of whatsoever kind and nature, including claims for wrongful death, arising from, and by reason of any and all known and unknown, foreseen and unforeseen bodily and personal injuries, damage to property and the consequences thereof which they may have or hereafter acquire against the United States of America, its agents, servants, or employees on account of the same subject matter that gave rise to the above-captioned action, including any future claim or lawsuit of any kind or type whatsoever, whether known or unknown, and whether for compensatory or exemplary damages. Plaintiff and plaintiff's guardians, heirs, executors, administrators, and assigns further agree to reimburse, indemnify, and hold harmless the United States of America, its agents, servants, and employees from and against any and all such causes of action, claims, liens, rights, or subrogated or contribution interests incident to or resulting from further litigation or the prosecution of claims by plaintiff or his guardians, heirs, executors, administrators or assigns against any third party or against the United States, including claims for wrongful death.

4.     This Stipulation for Compromise Settlement is not, is in no way intended to be, and should not be construed as, an admission of liability or fault on the part of the United States, its agents, servants, or employees, and it is specifically denied that they are liable to the plaintiff. This settlement is entered into by all parties for the purpose of compromising disputed claims under the Federal Tort Claims Act and avoiding the expenses and risks of further litigation.

2

5.     The parties also agree to dismissal of this case with prejudice pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii), with all of the parties to bear their own costs, fees, and expenses, and that any attorney's fees will be paid out of the settlement amount and not in addition thereto.

6.     It is also understood by and between the parties that pursuant to 28 U.S.C. § 2678, attorney's fees for services rendered in connection with this action shall not exceed 25 percent of the amount of the compromise settlement.

7.     The persons signing this Stipulation for Compromise Settlement warrant and represent that they possess full authority to bind the persons on whose behalf they are signing to the terms of the settlement.  Plaintiff must obtain court approval of the settlement at plaintiff's expense.  Plaintiff agrees to obtain such approval in a timely manner: time being of the essence. Plaintiff further agrees that the United States may void this settlement at its option in the event such approval is not obtained in a timely manner.  In the event plaintiff fails to obtain such court approval, the entire Stipulation for Compromise Settlement and the compromise settlement are null and void.

8.     Plaintiff shall provide Brant Hickey & Associates with legible copies of the birth certificate and social security card of Josiah Cole and the court order approving this settlement. Within 5 days after Brant Hickey & Associates has received the Settlement Amount from the United States and the aforementioned documents from plaintiff, Brant Hickey agrees to distribute the Settlement Amount as follows: (a) $22,772.00, in the form of a check made out jointly to plaintiff and her attorneys; and (b) $52,228.00 for the purchase of an annuity with payments as set forth in Paragraph 9, below.

3

9. (a) In accordance with this Stipulation, Brant Hickey & Associates will purchase an annuity contract from a life insurance company rated at least "A" by Best & Company that provides for the following payments to Josiah Cole (DOB: 03/29/2012):

     i) $600.00 payable monthly beginning on March 29, 2034 for 5 years certain (the final certain payment to be made on February 28, 2039), and

     ii) The following lump sum payments:

          $20,000.00 payable on March 29, 2030,

          $15,000.00 payable on March 29, 2034,

          $15,837.00 payable on March 29, 2037.

In the event of the death of Josiah Cole prior to February 28, 2039, the remaining payments shall be paid when due to his estate. In the event that the cost of this annuity contract has either increased or decreased by the date of purchase, the final lump sum payment due March 29, 2037, will be adjusted downward or upward to ensure that the premium cost for this annuity contract is not more or less than $52,228.00.

(b) The annuity contract being purchased pursuant to this Paragraph 9 will be owned solely and exclusively by the United States and will be purchased through Brant Hickey & Associates as specified above in Paragraph 9(a). The parties stipulate and agree that the United States' only obligation with respect to an annuity contract and any annuity payments therefrom is to purchase said contract, and they further agree that the United States does not guarantee or insure any of the annuity payments. The parties further stipulate and agree that the United States is released from any and all obligations with respect to an annuity contracts and annuity payments upon the purchase of said contract.

4

(c)  The parties stipulate and agree that the annuity company that issues an annuity contract shall, at all times, have the sole obligation for making all annuity payments. The obligation of the annuity company to make each annuity payment shall be discharged upon the mailing of a valid check, or executing an electronic funds transfer, in the amount of such payment to the address, or account, designated by the party to whom the payment is required to be made under this Stipulation. Payments lost or delayed through no fault of the annuity company shall be promptly replaced by the annuity company, but the annuity company is not liable for interest during the interim.

(d)    The parties stipulate and agree that the annuity payments cannot be assigned, accelerated, deferred, increased, or decreased by the parties, that no part of any annuity payments called for herein, nor any assets of the United States or the annuity company, are subject to execution or any legal process for any obligation in any manner, and that the plaintiff shall not have the power or right to sell, assign, mortgage, encumber, or anticipate said annuity payments, or any part thereof, by assignment or otherwise.

(e)  Plaintiff and plaintiff's guardians, heirs, executors, administrators, and assigns do hereby agree to maintain with the annuity company and the United States a current mailing address for Josiah Cole and to notify the annuity company and the United States of the death of Josiah Cole within five days of death and to provide to the annuity company and the United States a certified death certificate within thirty days of said death.

10.    Compliance with all applicable federal, state, and local tax requirements shall be the sole responsibility of plaintiff. This Stipulation is executed without reliance upon any representation by defendant as to tax consequences, and plaintiff is responsible for the payment of

5

all taxes that may be associated with the settlement. Nothing in this Stipulation waives or modifies federal, state, or local laws pertaining to taxes, offsets, levies, and liens that may apply to this Stipulation or the settlement proceeds, and this Stipulation is executed without reliance on any representation by defendant as to the application of any such law.

11.     The parties agree that this Stipulation for Compromise Settlement, including all the terms and conditions of this compromise settlement and any additional agreements relating thereto, may be made public in their entirety, and the plaintiff expressly consents to such release and disclosure pursuant to 5 U.S.C. § 552a(b).

12.     It is contemplated that this Stipulation for Compromise Settlement may be executed in several counterparts, with a separate signature page for each party. All such counterparts and signature pages, together, shall be deemed to be one document.

13.     This stipulation contains the entire agreement between the parties with respect to the subject of this litigation and supersedes all prior negotiations and writings regarding this matter. Any modification of this stipulation may be made only in a writing signed by or on behalf of all parties.

6

Attorney for defendant:                    JOHN R. LAUSCH, JR.
                                           Acting United States Attorney

                                           By: _____

                                              JONATHAN C. HAILE
                                              Assistant United States Attorney
                                              219 South Dearborn Street
                                              Chicago, Illinois 60604
                                              (312) 886-2055
                                              jonathan.haile@usdoj.gov
                                                                November
                                           Executed this 20th day of September, 2017


Plaintiff:

                                           _____
                                           NJIDEKA AGBA, as Mother and Next Friend
                                           of JOSIAH COLE
                                           1560 Burnham Ave., Apt. 6-B
                                           Calumet City, Illinois 60409

                                           Executed this 22 day of September, 2017


Attorney for plaintiff:

                                           _____
                                           MICHAEL SHINSKY
                                           Kralovec, Jambois & Schwartz
                                           60 W. Randolph St., 4th Floor
                                           Chicago, Illinois 60601

                                           Executed this 9th day of September, 2017
                                                                   November


7

BRANT HICKEY & ASSOCIATES

By: _____

HENRY W. BARKHAUSEN
Brant Hickey & Associates
Structured Settlement Broker

Executed this _27_ day of ~~September~~ November, 2017

8